HARDING A. ORREN AND ANOTHER v.
PHOENIX INSURANCE COMPANY.

179 N. W. (2d) 166.

August 14, 1970—No. 42233.

Thomas, King, Swenson & Collatz and Frederick A. Collatz, for appellant.

Robins, Davis & Lyons and Sidney S. Feinberg, for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

Appeal from a judgment entered pursuant to an order granting plaintiffs' motion for summary judgment.

The facts are undisputed. On January 18, 1969, numerous items of personal property including many articles of jewelry were stolen from plaintiffs' residence. At the time of the loss plaintiffs were insured against the peril of theft by defendant under a comprehensive homeowners policy issued in 1966. Believing this policy limited their recovery to $250 for the loss by theft of each item of jewelry and furs owned by them, plaintiffs procured other insurance which provided supplemental coverage for such loss of those items which had a value in excess of $250 per article. The theft was duly reported to defendant and a complete inventory of the stolen items was furnished together with a summary of their claimed cash value. Upon defendant's refusal to admit liability for up to $250 for each article of jewelry, plaintiffs instituted this action for declaratory judgment seeking construction of the portion of the policy relating to "Coverage C—Unscheduled Personal Property" contained under the heading, "Special Limits of Liability" which reads as follows:

"3.   Under Coverage C, this Company shall not be liable in

any one loss with respect to the following named property:

"(a)   for more than $100 on money, bullion, numismatic property and bank notes;

"(b)   for more than $500 on accounts, bills, deeds, evidences of debt, letters of credit, notes other than bank notes, passports, railroad and other tickets, securities, and stamps including philatelic property;

"(c)   for more than $1,000 on manuscripts;

"(d)   for more than $250 on articles of jewelry including watches, necklaces, bracelets, gems, precious and semiprecious stones and articles of gold or platinum and articles of fur or articles containing fur which represents their principal value; except this special limit of liability shall not apply to direct loss by fire, lightning, windstorm, hail, smoke, explosion, riot, riot attending a strike, civil commotion, falling aircraft or other falling objects, vehicle collision, vandalism and malicious mischief, and collapse of a building."

In addition to the undisputed facts, the court, over defendant's objection, received and considered a copy submitted by plaintiffs of a 1968 form of defendant's homeowner policy, the pertinent language of which had been changed to read as follows:

"2.   Special Limits of Liability on Certain Property:

\*   \*   \*   \*   \*

"b.   Under Coverage C, this Company shall not be liable for loss in any one occurrence with respect to the following property for more than:

"(1)   $100 *in the aggregate* on money, bullion, numismatic property and bank notes;

(2)   $500 *in the aggregate* on securities, accounts, bills, deeds, evidences of debt, letters of credit, notes other than bank notes, passports, railroad and other tickets or stamps, including philatelic property;

(3)   $1,000 on manuscripts;

(4)   $500 *in the aggregate* for loss of jewelry, watches, neck-

laces, bracelets, gems, precious and semi-precious stones, gold, platinum and furs including articles containing fur which represents its principal value; except this special limit of liability shall not apply to direct loss by fire, lightning, windstorm, hail, smoke, explosion, riot, civil commotion, falling aircraft or other falling objects, vehicle collision, vandalism and malicious mischief, and collapse of a building." (Italics supplied.)

In support of a motion for summary judgment, plaintiffs contended that the language of subparagraph 3(d) of the policy issued to them either clearly provides that the defendant will be liable for up to $250 for each article of jewelry stolen or that it is ambiguous and must be construed most favorably to them and to the same effect. In opposition, defendant contends that when all of paragraph 3 is read and the language given its usual and ordinary meaning, it is a clear and unequivocal limitation of not more than $250 in any one loss for all articles of unscheduled jewelry stolen, i. e., no matter how many articles of jewelry are taken, defendant's liability is limited to $250 in the aggregate. Defendant also moved to strike the 1968 policy on the ground that the changed language was irrelevant, not having been a part of its insurance contract with plaintiffs. The court denied defendant's motion for summary judgment and issued its order granting summary judgment for plaintiffs, presumably finding that the policy provision in question was ambiguous and should be construed against defendant. Judgment was entered and defendant appeals.

We affirm. Where the language used in an insurance contract is unambiguous, it must be given its ordinary and usual meaning the same as the language of any other contract, and this court cannot under the guise of construction redraft the contract. Bobich v. Oja, 258 Minn. 287, 104 N. W. (2d) 19. Where, however, the language is susceptible of two meanings, every reasonable doubt as to the meaning must be resolved against the insurer who has chosen the language and in favor of the insured, Tomly-

anovich v. Tomlyanovich, 239 Minn. 250, 58 N. W. (2d) 855, 50 A. L. R. (2d) 108, avoiding "an interpretation which would forfeit rights which the insured may have believed he was securing." Weum v. Mutual Benefit Health & Acc. Assn. 237 Minn. 89, 105, 54 N. W. (2d) 20, 29.

Although we note the efforts of both parties to support their contentions by an exercise in semantics concerning the dictionary meaning of the word "articles," we are persuaded that the language of subparagraph 3(d) is ambiguous because it neither clearly provides that the insured should receive up to $250 for *each* article of jewelry stolen nor does it clearly provide that the insured should receive not more than $250 in the aggregate for *all* articles of jewelry and it can reasonably be interpreted to provide either coverage. Also, with less persuasive force, it might arguably be interpreted to provide that the insured should receive up to $250 for each listed class of jewelry, i. e., the value of all watches taken or $250, whichever is less, and the value of all necklaces taken or $250, whichever is less, etc.

Moreover, in our opinion, the change in language made in the revised policy persuasively illustrates the ambiguity. The defendant, by adding the words "in the aggregate" has precisely stated what it attempted to state in the policy issued to plaintiffs. Nor did the court err in giving evidential consideration to the language of the later policy over defendant's objection of irrelevancy. Clearly, on the decisive issue of whether or not the language of the 1966 policy is ambiguous, the revised language is relevant. Once it is established that the policy is in fact that of defendant, as this record requires us to assume, the revised language is admissible as a written admission by defendant, conflicting with its contention at trial that the similar provision in its 1966 policy is clear and unambiguous. Ikenberry v. New York Life Ins. Co. 127 Minn. 215, 149 N. W. 292; Daltex, Inc. v. Western Oil & Fuel Co. 275 Minn. 509, 148 N. W. (2d) 377. We also find no merit in defendant's argument before this court that the language revision should be excluded for the same reason that

evidence of alterations or repairs after an accident is excluded in a negligence case. As defendant points out, the policy behind that rule is that the admission of such acts would discourage persons from improving or repairing the injury-causing agent because they would fear evidential use of such acts to their disadvantage. See, 2 Wigmore, Evidence (3 ed.) § 283. That policy does not, however, apply to this case. Unlike the typical situation in a negligence case, the defendant's failure to change the policy language works only to the detriment of the defendant and does not endanger the safety of the public. As has been noted, ambiguous language in an insurance policy must be construed against the insurer. Thus, given ambiguous language, it is to the insurer's benefit to change it and a failure to do so exposes the insurer to the risk of an interpretation favorable to the insured.

We hold, therefore, that the provision in question is ambiguous and that the trial court correctly interpreted the policy as entitling plaintiffs to receive for each article of jewelry stolen either its value or $250, whichever is less.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.