ANITA J. PARKER, ADMINISTRATRIX OF
THE ESTATE OF KENNETH J. PARKER,
v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.

220 N. W. 2d 807.

July 12, 1974—No. 44407.

*Farnberg & Estebo* and *Wayne R. Farnberg,* for appellant.
*Berens, Rodenberg & O'Connor* and *R. T. Rodenberg,* for respondent.

Heard before Kelly, Yetka, and McRae, JJ., and considered and decided by the court.

KELLY, JUSTICE.

This action was brought by Anita J. Parker, as administratrix of her husband's estate, to recover supplemental first party death benefits under an automobile liability insurance policy issued by defendant insurance carrier. The trial court found that coverage did not exist, and plaintiff appeals from an order denying her motion for a new trial. We affirm.

The facts are not disputed by the parties. On December 29, 1969, decedent was towing a portable feed mill with his farm tractor on U. S. Highway No. 71 approximately 3 miles south of the city of Redwood Falls. The tractor left the road, resulting in the decedent's death. There were no other vehicles involved in this accident, and both parties agree that at the time of his death decedent was performing duties in the course of his occupation as a self-employed farmer. At all times herein material, plaintiff's deceased had in force a policy of insurance issued by defendant which included coverage against death resulting from

bodily injury caused by accident while the insured occupied an automobile. For purpose of the death coverage, "automobile" included a farm tractor while actually upon public roadways.

The policy contained certain exclusions. The pertinent portions of the insurance policy in question are as follows:

"INSURING AGREEMENT IV—AUTOMOBILE DEATH INDEMNITY, SPECIFIC DISABILITY AND TOTAL DISABILITY INSURANCE.

"COVERAGE S

"Division 1—Death Indemnity. To pay the amount stated as applicable to the insured designated for such coverage in the declarations in event of the death of each insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while occupying or through being struck by an automobile, provided the death shall occur within 90 days from the date of such accident.

\* \* \* \* \*

"DEFINITIONS—INSURING AGREEMENT IV

"The definitions of 'Private Passenger Automobile, Utility Automobile, Bodily Injury, Occupying and War' under Insuring Agreements I and II apply to Insuring Agreement IV.

\* \* \* \* \*

"Automobile—means a land motor vehicle, trailer, or semi-trailer not operated on rails or crawler-treads, but does not mean: (1) a farm type tractor or other equipment designed for use principally off public roads, except while actually upon public roads, or (2) a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle.

"Commercial Automobile—means any land motor vehicle while used in the insured's business or occupation other than (i) a private passenger automobile, (ii) a school bus or (iii) an owned utility automobile not used for wholesale or retail delivery.

"EXCLUSIONS—INSURING AGREEMENT IV

"Insuring Agreement IV does not apply:

"(a) to bodily injury sustained in the course of his occupation by any person while engaged (1) in duties incident to the opera-

tion, loading or unloading of, or as an assistant on, a public or livery conveyance, commercial automobile, ambulance, fire truck, police car or other emergency vehicle, * * *."

The sole question on this appeal is whether the trial court correctly interpreted the policy as barring payment of the $5,000 death benefit to the plaintiff on the grounds decedent was operating a commercial vehicle at the time of death and thus was within the exclusionary clause quoted above.

The trial court found that there were no ambiguities in the language of the policy in question and that the statute which presumably was the basis for Coverage S did not mandate the kind of coverage plaintiff claims.

The trial court found:

"(1) At all times herein material Plaintiff's deceased had in force a policy of insurance issued by Defendant. The policy included coverage against death resulting from bodily injury caused by accident while the insured occupied an automobile. For the purpose of the death coverage, automobile included a farm tractor, though designed for use principally off public roads, while actually upon a public roadway. It excluded, however, death from injury while engaged in the operation of a 'commercial' automobile. Commercial automobile is defined by the policy as a land motor vehicle while used in the insured's business or occupation, so far as here relevant.

"(2) Plaintiff's decedent was a farmer. He died of injuries sustained at about 3:00 p. m., December 29, 1969. At the time, he was driving a farm tractor pulling a portable feed mill on a public highway at a point approximately three miles south of the City of Redwood Falls. No other vehicle was involved. Decedent was alone, operating the two vehicles as described, at the time of his fatal injury.

"(3) At the time of his fatal injury, deceased was engaged in his farming occupation. The tractor upon which deceased was riding at the time of his fatal injury was a 'commercial vehicle' as defined in the terms of the policy of insurance in effect issued

him by Defendant Insurance Company. There was, therefore, no coverage in effect under the policy for death benefits under coverage S."

In his excellent memorandum accompanying these findings, the court below stated:

"The entire thrust of Plaintiff's position is the assertion the policy is ambiguous. This Court sees no ambiguity. That the wording of coverage S as applied to farm tractors restricts coverage to a very narrow scope, does not create ambiguity. On the contrary, it is clear that Defendant's insurance contract as drawn restricts coverage to those circumstances where people engaged in farming operating farm tractors on a public highway do so outside the scope of their farming occupation. That this restricts the coverage to instances where a farmer joyrides on the highway on his farm tractor; or, possibly, uses the tractor to go to town on a personal, as distinguished from a business-related, errand; these limitations, though drastically reducing the scope of the coverage as applied to a farmer with regard to his tractors, do not invalidate the policy. There is no public policy shown to this Court which would prohibit an insurer from so wording its coverage that the terms, plainly and clearly expressed, should not be binding in these circumstances.

"The policy was written on Deceased's automobile. Had he been driving his farm pickup or the Dodge Dart automobile specifically described in the policy, coverage would have applied. It is clear Defendant wished to exclude liability under coverage S for parallel uses of Decedent's farm tractors except while used outside his farming business and for purposes more normally served by other types of vehicles more commonly used on public highways. There is no reason why these parties could not so agree."

In an additional memorandum accompanying an order denying plaintiff's motion for post-trial relief, the trial court stated:

"* * * During argument, the Court's attention was directed

to the statutory basis pursuant to which Coverage S was, presumably, included in Defendant's policy. *Minn. Stats. 1969*, Paragraph 65B.26 required inclusion of supplemental coverages in automobile policies. Subparagraph (a) appears to mandate what is provided by Defendant under Coverage S. Life risks while 'occupying an automobile or entering or alighting therefrom, or through being struck by a motor vehicle while a pedestrian, * * *' must be covered under the terms of this statute. The differential use of 'automobile' as distinguished from 'motor vehicle' is significant. Occupants of 'automobiles' are covered while pedestrians are covered against hazard from 'motor vehicles'. Motor vehicle is a broader term than is automobile. The statutory language suggests legislative intent that the street risk coverage afforded under Defendant's policy be broader than the coverage afforded a named insured while operating his own vehicle. It therefore appears from the language of the governing statute that the narrow distinction of which Plaintiff here complains was intended by the legislature."

The policy, for the purpose of death coverage, included a farm tractor as an automobile while used upon the public highways but excluded commercial automobiles, which were defined as a land motor vehicle while used in the insured's business or occupation. Here the exclusionary clause clearly applies because the decedent was driving a tractor in his business or occupation of farming. The policy states that this insurance does not apply to bodily injury sustained in the course of his occupation by any person while engaged in operation of a commercial automobile. Standing alone, this language might be presumed to apply only to bodily injury and not death. However, Insuring Agreement IV, Coverage S, reads:

"Division 1—Death Indemnity. To pay the amount stated as applicable to the insured designated for such coverage in the declarations in event of the death of each insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while

occupying or through being struck by an automobile, provided the death shall occur within 90 days from the date of such accident."

It follows that to recover death benefits that the death would have to be caused by "bodily injury." In the instant case the bodily injuries sustained by the deceased were excluded by the terms of the policy. Admittedly, this policy might have used language which could be read more easily, but the language actually used is not ambiguous however difficult it may be to read.

Affirmed.

YETKA, JUSTICE (dissenting).

There is no dispute that Insuring Agreement IV clearly covers one killed while operating a farm tractor while actually upon public roads because the definition of automobile under that section unequivocally so states. The defendant admits, and a trial court memorandum points this out, that if the decedent had taken the tractor out for a joy ride on the public roads or was going to town to a theater or going to the help of a neighbor, the benefit would be payable. However, the defendant claims that the exclusionary language of the policy coverage denies recovery where the farm tractor was being used for commercial purposes.

The exclusionary clause states coverage is not afforded bodily injury sustained by any person incident to the operation of a commercial automobile. Here there was not bodily injury, but death. Secondly, the definition of automobile including coverage for a farm tractor while operating on a public road is clear and unequivocal. The exclusionary clause indicates that the insuring agreement did not apply "to bodily injury sustained in the course of his occupation by any person while engaged in * * * operation * * * [of a] commercial automobile." But it defines commercial automobile as not including a passenger automobile. It could reasonably be argued that a farm tractor was intended to be a passenger automobile for purposes of this section because it is not specifically excluded from coverage. If the insurer intended to exclude a farm tractor from coverage when used for

commercial purposes or business purposes, it could have said so in language just as concise and clear as the language including it under Insuring Agreement IV.

While it is conceded a careful, precise, step-by-step argument is and was made which could deny recovery in this case, an insurer should not be compelled to be a literary or legal expert to arrive at such a result. An insured in a farming community should be compelled to accept no stronger test than that a reasonably prudent and intelligent person be able to clearly understand the contract.

Since the insuring portion of the agreement is clear and unequivocal and the exclusionary portion is not, the exclusionary language must be strictly construed against the insurer and in favor of the insured. Orren v. Phoenix Ins. Co. 288 Minn. 225, 179 N. W. 2d 166 (1970).

Scott, Justice (dissenting).
I concur in the dissent of Mr. Justice Yetka.