**GARY BERNE and CYNTHIA BERNE, Plaintiffs/Appellees**

v.

**AETNA INSURANCE COMPANY, Defendant/Appellant**

Civil No. 83/360

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 20, 1985

AURELIA RASHID, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for plaintiffs/appellees*

JOHN E. LENAHAN, ESQ. (BRYANT, LENAHAN & ELTMAN), Christiansted, St. Croix, V.I., *for defendant/appellant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

This case, on appeal from Territorial Court, requires us to decide whether a provision in a homeowners policy which limits the recovery for loss by theft of jewelry to $500 is enforceable in the face of a total $20,000 coverage for unscheduled personal property provided in the same policy. We find such a special limitation is enforceable. We will reverse the judgment of Territorial Court awarding $20,000 plus costs and fees to the insureds. The refusal of the Territorial Court to award punitive damages against the insurance company will be affirmed.

## I. FACTS

The plaintiffs/appellees, ("the Bernes"), purchased a standard homeowners policy from the defendant/appellant, ("Aetna"). Coverage was provided for damage to real property, for personal liability protection against claims of others and for unscheduled personal property losses up to $20,000. (App. 8). The body of the policy was the HO-2 Homeowners Policy Broad Form, as revised in September, 1970. (App. 10–13). The first page of HO-2 contained a description of the property and interests insured.

Schedule C on that page listed the Unscheduled Personal Property description, which was followed by an enumeration of the perils insured against. The second page, (App. 11), included theft as one of the covered perils.

After describing additional exclusions to the policy, page three of HO-2, (App. 12), spelled out additional conditions attached to the policy. The second of these additional conditions listed "Special Limits of Liability on Certain Property" and included the following language:

> (4) $500 in the aggregate for loss by theft of jewelry, watches, necklaces, bracelets, gems, precious stones, gold, platinum and furs including articles containing fur which represents its principle (sic) value.

Except for the headings of sections and subsections, the policy coverage, exclusions and additional conditions are in the identical typeface.

On November 14, 1980, while the policy was in force, the Bernes' home was burglarized and $20,000 in jewelry was taken and never recovered. They filed a proof of loss with Aetna, which declined to pay more than $500, citing the special limitation to that amount for theft of unscheduled jewelry.

The Bernes filed this action against Aetna in Territorial Court. A non-jury trial was held, after which the court entered its findings of fact and conclusions of law from the bench. In its findings and conclusions, the court found that the policy in question was "unambiguous" but that notwithstanding, Aetna was under an obligation to disclose "material information" concerning the $500 limit on unscheduled jewelry. Having found the policy "unambiguous" the court then invoked the doctrine of reasonable expectations, citing as authority Kievit v. Loyal Protective Life Ins. Co., 170 A.2d 22, 30 (N.J. 1961). Also cited was Hallowell v. State Farm Mutual Auto Ins. Co., 443 A.2d 925, 927 (Del. 1982), for the proposition that a court will look to the reasonable expectations of an insured at the time he entered into a contract if the terms are ambiguous or conflicting, or if the policy contains a hidden trap or pitfall, or if the fine print takes away that which has been given by the large print. (App. 22-33).

The court then proceeded to find that the Bernes had the reasonable expectation that their jewelry was fully insured to the extent of $20,000 without scheduling. It faulted the placement of the various sections containing special limitations and conditions and stated that the practice of "using lengthy, complex and cumbersomely written insurance policies to deprive the consuming public of its reasonable expectations when it purchases insurance cannot be sanctioned." (App. 31).

The court also concluded that the public "should not be subjected to technical encumbrances or to hidden pitfalls and their policies should be construed liberally in their favor to the end that coverage is afforded to the full extent that any fair interpretation will allow." (App. 32).

Upon such findings of fact and conclusions of law, the court entered judgment for the Bernes in the amount of $20,000, together with attorney's fees and costs of $2,115.00, for a total judgment of $22,115.00. At the same time, the court dismissed a punitive damage claim by the Bernes against Aetna.

344

Aetna appealed the money judgment and the Bernes cross appealed the dismissal of the punitive damage claim.

## II. DISCUSSION

### A. *The Homeowners Policy*

The insurance policy issued to the Bernes by Aetna was a standard form homeowners policy in use across the width and breadth of the United States and its territories. The last revision of the particular language involved in this case, the special limitation on unscheduled jewelry to $500, appears to have taken place in the late 1960s and early 1970s. Orren v. Phoenix Ins. Co., 179 N.W. 2d 166, 168 (Minn. 1970). The policy in the case herein contains a September, 1970 revision of the HO-2 form, quoted earlier.

This homeowners policy appears to have been given uniform acceptance by courts across the country. The special limitation on unscheduled jewelry loss to a maximum of $500 has been upheld in the few cases we have been able to locate. U.S. Liability Ins. Co. v. Bove, 347 So.2d 678 (Fla. Dist. Ct. App. 1977), held that the policy language was "plain and unambiguous" and "no special construction or interpretation is required." It will be given "that meaning which it clearly expresses". Id at 680. See also Halford v. Republic Underwriters Ins. Co., 348 So.2d 87, 89 (La. Ct. App. 1977).

The Territorial Court found that the policy itself was unambiguous. In so stating, we can only assume that the court considered the insurance policy "susceptible of but one meaning". Black's Law Dictionary 1366 (rev. 5th ed. 1979).

### B. *Applicable Law*

We are guided in this case by general principles of insurance law as developed by courts throughout the nation. Buntin v. Continental Ins. Co., 583 F.2d 1201, 1204 (3d Cir. 1978). This is because there are no rules of the common law as expressed in the restatements of law as approved by the American Law Institute, and in such an absence, we look to the law "generally understood and applied in the United States . . . ." 1 V.I.C. § 4.

Since the policy in question is unambiguous, i.e. susceptible of only one meaning, the interpretation of that insurance contract is a matter of law for the court. Eastern Associated Coal Corp. v. Aetna Casualty & Surety Co., 632 F.2d 1068, 1075 (3d Cir.), cert. den., 451 U.S. 986 (1980). In such an analysis, the same case at the same page tells us that "since the policy is a contract, the court's

duty is to ascertain the intent of the parties as manifested in the language of the agreement."

■ Because the contract is unambiguous, the rule that contracts are construed strictly against the insurer cannot apply. Eastern Associated Coal Corp., supra, at 1077, and cases cited. And, where a policy is unambiguous, "the loss must be determined strictly in accordance with the terms of the insurance policies." American Alliance Ins. Co. v. Keleket X-Ray Corp., 248 F.2d 920, 928 (6th Cir. 1957).

C. *The Decision Below*

Notwithstanding the provisions just discussed, the court below made its ruling by strictly construing the terms of the policy against Aetna, finding that "the insurance policy in question contains a hidden trap or pitfall in that the fine print takes away what is given in the large print." (App. 27). Thus, the court reasoned, under the doctrine of reasonable expectations, the rule of strict construction against Aetna applied. Such a statement is incorrect. Simple reference to the policy, (App. 10–13), shows that all provisions, coverage as well as exclusions and special limitations, are printed in the same typeface.

The court also applied the rule of strict construction because it found the format of the policy inadequate. (App. 30–31). In that, the court fell into the error discussed in Viger v. Commercial Ins. Co. of Newark, N.J., 707 F.2d 769 (3d Cir. 1983). There, the Third Circuit noted:

> We have examined this policy and do not find the "bewildering array of exclusions, definitions and conditions" which apparently characterized the policy . . .

Id. at 774.

The Territorial Court also applied the rule of strict construction against Aetna because it found that the format of the policy was not adequate to demonstrate to the Bernes the coverage and limits thereon. (App. 30–31). We disagree. To paraphrase Viger, supra, at 774, we have examined the policy and do not find the confusion or hidden traps wherein the fine print takes away what is given in the large print. Nor do we find the format unusual. The policy defines the coverage generally in the first section, then defines specific exclusions and the special limitations of coverage. Each is delineated and no section is made to stand out on the page more than any other section.

346

As Viger cautions, simply because one must refer to several different places in the policy to find the applicable exclusions and definitions does not warrant a failure to enforce its provisions. As Judge Sloviter wrote:

> Unless insurance policies are to be drafted individually to cover each contract, which would increase the premiums considerably, the necessity to integrate provisions from different parts of the policy seems inevitable.

Id. at 774.

■ In discharging its duty, the court should attempt to view the policy in its entirety, and give effect, if possible, to all of the contract. Treasure Craft Jewelers, Inc. v. Jefferson Ins. Co. of N.Y., 583 F.2d 650, 652 (3d Cir. 1978).

■ The Third Circuit recently stressed that "a court should read policy provisions to avoid ambiguities, if possible, and not torture the language to create them." Northbrook Ins. Co. v. Kuljian Corp., 690 F.2d 368, 372 (3d Cir. 1982) (quoting St. Paul Fire & Marine Ins. Co. v. United States Fire Ins. Co., 655 F.2d 521, 524 (3d Cir. 1980)). By analogy, that same reasoning applies in the case herein. A court should read a policy, if possible, in its entirety and should avoid seeking hidden traps and pitfalls where none exist. If the policy herein is read on such a basis, there can be no doubt that the court below erred in awarding the Bernes $20,000 in a jewelry theft loss in the face of the $500 limitation clearly stated therein.

■■ In so finding, we need not reach the question of the reasonable expectations of the insureds. Since the policy is not ambiguous, is not conflicting and does not contain any hidden traps or pitfalls, or take away with fine print that which is granted by the large print, such a doctrine does not apply. Indeed, the reasonable expectations doctrine "is not a rule granting substantive rights to an insured when there is no doubt as to the meaning of policy language." Hallowell v. State Farm Mutual Ins. Co., supra at 927.

## CONCLUSION

The judgment of the Territorial Court is reversed and the matter remanded for the purpose of dismissal of the complaint and the award of attorney's fees and other costs, if warranted, and as provided by law. While this also disposes of the cross appeal of the refusal to grant punitive damages, we will affirm such refusal in

order for the record to be complete in the event there are further proceedings on appeal. Even if the compensatory award were upheld, the Territorial Court correctly refused to make a further award of exemplary damages.

## ORDER

THIS MATTER is before the Court on cross appeals of a judgment of the Territorial Court. The Court having filed its Memorandum Opinion of even date herewith, now therefore it is

ORDERED:

THAT the judgment of the Territorial Court awarding the sum of $20,000 plus $2,115 in attorney's fees and costs, to the plaintiffs/appellees and against the defendant/appellant, is REVERSED and REMANDED, with instructions to enter a dismissal, with prejudice, of the complaint; and

THAT the Territorial Court's denial of punitive damages is AFFIRMED.